In re Leroy J. LAUER, Debtor.

E. Bruce NANGLE, Cele Nangle, Guardian of the Estate of Timothy Nangle, and Stephen J. Nangle, Guardian of the Estate of Ellen Nangle, Harriet Nangle Rose, Plaintiffs,

v.

Leroy J. LAUER and Mark Twain Bank, N.A., a National Banking Association, Defendants.

Bankruptcy No. 86–02837–BKC–JJB.
Adv. No. 87–0029–BKC–JJB.

United States Bankruptcy Court,
E.D. Missouri, E.D.

March 22, 1989.

Michael D. Stokes, St. Louis, Mo., for Nangles.

Rodney W. Sippel, St. Louis, Mo., for Mark Twain Bank.

Stephen M. Hamburg, St. Louis, Mo., for defendant, Lauer.

Canice Timothy Rice, St. Louis, Mo., for Land Investment.

A. Thomas DeWoskin, trustee, Office of the U.S. Trustee, St. Louis, Mo.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JAMES J. BARTA, Chief Judge.

The matter being considered here is a Motion for Summary Judgment filed on behalf of one of the Defendants, Mark Twain Bank. These Findings and Conclusions are entered after consideration of the record as a whole including the numerous memoranda filed by the parties.

Summary judgment may be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See,* Rule 56 F.R.Civ.P. as made applicable by Rule 7056, Bankruptcy Rules. Recent Supreme Court and Circuit Court decisions have stated that trial courts should be somewhat more hospitable to summary judgments than in the past.

> The motion for summary judgment can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those cases that really do raise genuine issues of material fact. *City of Mount*

*Pleasant v. Associated Elec. Corp.,* 838 F.2d 268, 273 (8th Cir.1988), citing, *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548 [91 L.Ed.2d 265] (1986), *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348 [89 L.Ed.2d 538] (1986) and *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505 [91 L.Ed.2d 202] (1986).

Count I of the Plaintiffs' Complaint requests a determination that a debt owed by the Debtor, Leroy J. Lauer, is not dischargeable in this Bankruptcy case, and prays for a money judgment in the amount of $550,000.00. No relief against Mark Twain Bank is sought in this Count, and the Summary Judgment motion does not relate to this Count.

■ Count II prays for a judgment against Mark Twain Bank N.A. of St. Charles in the amount of $550,000.00 actual damages and $550,000.00 punitive damages. The Plaintiffs base this cause of action upon the allegation that the Defendant Bank knew that the Debtor and other general partners of Crossroads U.S.A. Limited II owed a fiduciary duty to the limited partners (some of whom are these Plaintiffs), and that the duty was breached by the Debtor's alleged fraudulent actions in violation of the provisions of the Uniform Fiduciaries Law, Sections 456.240–350, RSMo, 1978. Pursuant to Section 456.630 RSMo 1978, any proceeding for relief resulting from fraud under Chapter 456 must be commenced within two years after the discovery of the fraud. The Plaintiffs discovered the acts which are alleged to be the basis of the Debtor's allegedly fraudulent conduct during the summer of 1983. *See,* Plaintiffs' Complaint, Count III, ¶ 29; the deposition of Bruce Nangle, Vol. IV, p. 4, lines 16–23; and the deposition of the Bank's document custodian, Scott Terry, Exhibit "A" to Mark Twain's Reply Memorandum in Support of Summary Judgment, filed August 23, 1988, pgs. 21–23. On March 9, 1986, prior to the commencement of this Chapter 7 case, the Plaintiffs filed a non-bankruptcy action based upon the alleged violations of the Uniform Partnership Law. On February 13, 1987, the Plaintiffs

commenced this Adversary Proceeding on the question of dischargeability. Neither action was commenced within two years after the discovery of the fraud. The Movant's request for Summary Judgment on Count II will be granted.

■ Count III of the Complaint requests a money judgment against Mark Twain Bank, N.A. "located on Big Bend Boulevard in St. Louis County" for the same amounts listed in Count II. *See* Plaintiffs' Complaint, Count III, page 9, ¶ 28. The Plaintiffs allege that a loan from Mark Twain Bank of Big Bend, N.A. to the Debtor, was an act in furtherance of an agreement to permit the bank to seize certain collateral at a reduced value in violation of Section 456.240, RSMo 1978. The Debtor's Bankruptcy Schedules reflect that this loan was a personal loan to the Debtor, individually, secured by an interest in the Debtor's interest in the partnership, Crossroads U.S. A. Limited II. The Complaint fails to set forth any basis for a cause of action running to the limited partners of Crossroads against the lender bank for an allegedly improper transfer of the Debtor's personal property as security for a personal loan to the Debtor. Summary Judgment will be granted to the Bank on Count III.

■ Count IV of the Complaint prays for an order declaring that the Defendant Bank does not hold a security interest in certain assets mentioned in the Complaint. The Complaint alleges that the Bank's security interest should be avoided pursuant to 11 U.S.C. § 548, based upon the alleged violations of the Uniform Partnership Law, and the Bank's alleged knowledge of the financial condition of the Debtor's partnership. The power to commence a proceeding to avoid and recover a transfer under Section 548 is given to a bankruptcy trustee or to a debtor-in-possession. The proceeding is intended to recover assets for the benefit of all creditors of an estate. Generally, no individual creditor rights are created by Section 548, and therefore, a creditor may not unilaterally commence an action seeking to obtain a money judgment on its own behalf. In this adversary proceeding, the Plaintiffs have not established any basis upon which they enjoy standing to prosecute the Trustee's claim to avoid an allegedly fraudulent transfer pursuant to Section 548.

These Findings of Fact and Conclusions of Law were announced from the bench at the pretrial hearing on March 14, 1989.

## ORDER

At Saint Louis, in this District, this 22nd day of March, 1989.

Upon consideration of the record as a whole, and consistent with the Findings of Fact and Conclusions of Law entered in this matter,

IT IS ORDERED that the Motion of Mark Twain Bank, N.A. for Summary Judgment as to Count II of the Plaintiffs' Complaint is granted; and that as to Count II, judgment is entered in favor of Mark Twain Bank, N.A. and against E. Bruce Nangle, Cele Nangle, Guardian of the Estate of Timothy Nangle, Stephen J. Nangle, Guardian of the Estate of Ellen Nangle, and Harriet Nangle Rose; and that the Plaintiffs' request for relief in Count II as against Mark Twain Bank, N.A. is denied; and

That the Motion of Mark Twain Bank, N.A. for Summary Judgment as to Count III of the Plaintiffs' Complaint is granted; and that as to Count III, judgment is entered in favor of Mark Twain Bank, N.A. and against E. Bruce Nangle, Cele Nangle, Guardian of the Estate of Timothy Nangle, Stephen J. Nangle, Guardian of the Estate of Ellen Nangle, and Harriet Nangle Rose; and that the Plaintiffs' request for relief in Count III as against Mark Twain Bank, N.A. is denied; and

That the Motion of Mark Twain Bank, N.A. for Summary Judgment as to Count IV of the Plaintiffs' Complaint is granted; and that as to Count IV, judgment is entered in favor of Mark Twain Bank, N.A. and against E. Bruce Nangle, Cele Nangle, Guardian of the Estate of Timothy Nangle, Stephen J. Nangle, Guardian of the Estate of Ellen Nangle, and Harriet Nangle Rose; and that the Plaintiffs' request for relief in

Count IV as against Mark Twain Bank, N.A. is denied; and

That the Motion of Mark Twain Bank, N.A. for Summary Judgment as to Count V of the Plaintiffs' Complaint is granted; and that as to Count V, judgment is entered in favor of Mark Twain Bank, N.A. and against E. Bruce Nangle, Cele Nangle, Guardian of the Estate of Timothy Nangle, Stephen J. Nangle, Guardian of the Estate of Ellen Nangle, and Harriet Nangle Rose; and that the Plaintiffs' request for relief in Count V as against Mark Twain Bank, N.A. is denied; and

It appearing that additional pretrial discovery may be required, this matter is continued and reset to *May 8, 1989 at 10:00 a.m. in Bankruptcy Court No. 1, United States Court House, 1114 Market Street, 7th Floor, St. Louis, Missouri* as a continued pretrial hearing.